THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR BENJAMIN, Appellant.

First Department, March 24, 1959.

*James F. Downey* for appellant.

*H. Richard Uviller* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

Botein, P. J.  The evidence as to the guilt and the criminal responsibility of the defendant fully warranted his conviction for grand larceny in the first degree, and prejudicial error is not to be found either in the conduct of the trial, the court's rulings, or the prosecutor's summation.  The only matter which merits comment is the sentencing of the defendant as a second felony offender.

In 1943, when defendant was serving in the Armed Forces of the United States in the State of California, he was convicted by an Army general court-martial.  The charge and specification under which he was tried read as follows:  " Charge IV — Violation of the 93rd Article of War: Specification — In that General Prisoner Arthur (MMI) Benjamin (formerly Private, 90th Air Base Squadron, Merced, California) did, at Sacramento, California, on or about June 11, 1943, with intent to commit a felony, viz., murder, commit an assault upon Corporal Charles Bell by willfully and feloniously shooting at the said Corporal Charles Bell with a dangerous weapon, to wit a pistol."

It is well established that convictions by court-martial of certain offenses may be treated by New York courts as prior felony convictions under the laws of another jurisdiction (*People ex rel. Stewart* v. *Wilson*, 257 App. Div. 555, motion for leave to appeal denied 281 N. Y. 888; *Matter of Florance* v. *Donovan*, 283 App. Div. 153, affd. 307 N. Y. 705; *Matter of Kaytes* v. *Donovan*, 202 Misc. 498; *People* v. *Wilson*, 11 Misc 2d 840). The Articles of War (formerly U. S. Code, tit. 10, § 1471 *et seq.*) and the Articles for the Government of the Navy (formerly U. S. Code, tit. 34, § 1200 *et seq.*) as well as the present Uniform Code of Military Justice which replaced them in 1956 (U. S. Code, tit. 10, § 801 *et seq.*) have the force and effect of Federal statutes.

It is the contention of the defendant that his court-martial conviction cannot be deemed a conviction of " a crime which, if committed within this state, would be a felony " (Penal Law, § 1941), because he was charged with violation of the 93rd Article of War,* and conviction thereunder could be based upon some acts which would not necessarily be felonious if committed in New York.

In *People* v. *Olah* (300 N. Y. 96) the Court of Appeals held that in order to ascertain the crime of which a defendant had been previously convicted, the statute which created and defined the crime would have to be considered, and if the minimal elements essential for conviction of that crime would not constitute a felony in this State, a defendant could not be sentenced as a second felony offender. Ordinarily we look to the statute to determine the nature, definition and basic elements of the crime of which the defendant has been convicted rather than to the evidence adduced at the trial, or other evidentiary and narrative allegations embodied in the indictment or information. This does not mean that we may never concern ourselves with the specific charges that were leveled against the defendant. " The rationale of *Olah* does not license the courts below, in sentencing recidivists, to disregard the indictment or information upon which a conviction in a sister State is based in determining whether the crime charged therein constitutes a felony in New York. The intent and spirit of the *Olah* rule require that the courts of New York abstain from considering the surplusage

---

* Formerly section 1565 of the United States Code. It read: "Various Crimes. Any person subject to military law who commits manslaughter, mayhem, arson, burglary, housebreaking, robbery, larceny, embezzlement, perjury, forgery, sodomy, assault with intent to commit any felony, assault with intent to do bodily harm with a dangerous weapon, instrument, or other thing, or assault with intent to do bodily harm, shall be punished as a court-martial may direct".

contained in the indictment or information which would spell out a felony under our penal statutes. Only those facts alleged in the indictment or information which are not operative or material under the applicable criminal statute of the foreign jurisdiction are to be discounted in ascertaining whether the crime charged is to be deemed a felony in New York.'' (*People ex rel. Gold* v. *Jackson,* 5 N Y 2d 243.)

When we are unable to determine the exact nature of the crime charged by reference to the statute alone, either because the statute fails to give a substantive definition of the crime (*Matter of Florance* v. *Donovan, supra; Matter of Kaytes* v. *Donovan, supra; People* v. *Wilson, supra*), or because a single statute presents several distinct and alternative grounds for conviction (*People ex rel. Gold* v. *Jackson, supra; People* v. *Love,* 305 N. Y. 722; *People* v. *Markus,* 7 A D 2d 997), it becomes necessary to examine the essential operative allegations comprising the charges actually preferred against the defendant in the indictment, information, or specification in order to ascertain with precision the elements of the crime of which he has been convicted. The crime cannot be enlarged or expanded by allegations of the specific acts performed, but the charges may serve to limit or narrow the basis of the conviction.

The 93rd Article of War, unlike article 128 of the present Uniform Code of Military Justice (U. S. Code, tit. 10, § 928), is not a substantive statute defining a crime, but merely, as its heading indicates, an enumeration of the '' Various Crimes '' punishable as a court-martial may direct. Several alternative grounds for conviction thereunder are set forth. Examination of the specification on which defendant was found guilty as charged enables us to eliminate entirely the possibility that his prior conviction was for any crime which would not be considered a felony in this State. The crime charged was '' Assault with Intent to Commit a Felony, Viz. Murder '' by means of a dangerous weapon, a pistol, clearly a felony under our laws (Penal Law, §§ 241, 242). The essential elements of the substantive crime labeled '' Assault with Intent to Commit a Felony '', whether defined by Federal law (*Matter of Florance* v. *Donovan, supra;* U. S. Code, tit. 18, § 113), common law (*Collins* v. *McDonald,* 258 U. S. 416; 4 Jones' Blackstone [1916], § 251; Manual for Courts-Martial, U. S. Army [1943], pp. 168, 178), or the law of the jurisdiction where the crime took place (*People* v. *Wilson, supra; Matter of Kaytes* v. *Donovan, supra;* California Penal Code, §§ 217, 221), correspond to the same elements of the felony as defined in New York.

414

The specification mentioned the murder of Corporal Charles Bell as the particular felony intended, thus narrowing the charge and negating the possibility of conviction for anything else. The details contained in the specification were not mere surplusage, for they were essential to inform the defendant of the particular crime of which he was accused and the precise nature of the charges against him. Under those specifications a possible conviction of any other crime enumerated in article 93 was ruled out. Unlike the situation in *Olah* and in *People ex rel. Marsh* v. *Martin* (284 App. Div. 156, affd. 308 N. Y. 823), where proof of something less than the specific allegations would still have warranted a conviction under the same statute, a determination that defendant here might have been guilty of something less than the specification would not have sufficed to sustain a finding that he was guilty as charged. Defendant was properly sentenced as a second felony offender and the judgment of the court below should be affirmed.

M. M. FRANK, McNALLY and STEVENS, JJ., concur.

Judgment unanimously affirmed.