Haywood J. SCOTT, Appellant,

v.

UNITED STATES, Appellee.

No. 11667.

District of Columbia Court of Appeals.

Argued May 2, 1978.

Decided Sept. 20, 1978.

Rehearing and Rehearing En Banc
Denied Nov. 22, 1978.

Thomas Lumbard, Washington, D. C., appointed by this court, for appellant.

William J. O'Malley, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before NEBEKER, YEAGLEY, and FERREN, Associate Judges.

PER CURIAM:

The jury convicted appellant Scott of carrying a pistol without a license, D.C.

Code 1973, § 22–3204.[1] The court sentenced him to imprisonment for a period of 10 to 30 months. On appeal, he contends that the trial court erred (1) in instructing the jury that the "place of business" exception to § 22–3204 does not extend to "managers" unless they have a controlling proprietary or possessory interest, and (2) in characterizing appellant's prior court-martial conviction as a "felony" conviction for the purpose of converting his sentence from a misdemeanor, pursuant to D.C.Code 1973, § 22–3215, to a felony. *See* note 1, *supra.* We reject both contentions and thus affirm.

## I.

On March 15, 1976, Officer John Webster and his partner, Officer Michael Wells, were assigned to photograph the exterior of Cliff's Ford used car lot located in Northeast Washington. Dressed in plain clothes, they drove there in one of the officer's personal vehicles. Officer Webster testified that after arriving at the lot, he got out of the car and, while standing on the public sidewalk, began to take pictures. He then observed appellant come out of the Cliff's Ford office with his hand on a partially exposed revolver, which was in a holster inside the waistband of his pants. Appellant approached the officer, walked onto the sidewalk, and snatched the camera from the officer's hand. Appellant then backed away from the officer and, despite the fact that Officer Webster identified himself, appellant kept his hand on the gun and reentered the office. Officer Webster, joined by his partner, approached the office. Appellant met them there and handed them the camera. Upon searching the office, Officers Webster and Wells discovered a .25 caliber automatic pistol beneath appellant's office desk, as well as a .32 caliber revolver (the gun appellant carried from the office) beneath some tools in a back room.

Appellant testified that he confronted Officer Webster on the car lot itself, not on public property, and that he did not carry a gun out of the office.

The indictment charged appellant with four offenses: robbery while armed (D.C. Code 1973, §§ 22–2901, –3202), robbery (D.C.Code 1973, § 22–2901), assault with a dangerous weapon (D.C.Code 1973, § 22–502), and carrying a pistol without a license (D.C.Code 1973, § 22–3204). After trial on June 22, 1976, the jury acquitted appellant of all charges except carrying a pistol without a license. Subsequently, the trial court evaluated information filed by the government that appellant had been convicted by general court-martial of assaulting a superior commissioned officer and other offenses, for which he had been sentenced to seven (reduced to four) years at hard labor. The judge then sentenced appellant to a term of 10 to 30 months as a prior felon. *See* D.C.Code 1973, §§ 22–3204, –3215 quoted in note 1, *supra.*

## II.

Appellant contends, first, that the trial court erred when it instructed the jury that the "place of business" exception to D.C.Code 1973, § 22–3204, applies only to persons with a controlling proprietary or possessory interest in the premises. He maintains that the exception extends to persons, such as himself, who are on-the-scene property managers. Thus, he argues, the trial court should have instructed the jury that it only could convict appellant if it

---

1. D.C.Code 1973, § 22–3204 provides:

   No person shall within the District of Columbia carry either openly or concealed on or about his person, *except in his dwelling house or place of business or on other land possessed by him*, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed. Whoever violates this section shall be punished as provided in section 22–3215, unless the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a *felony, either in the District of Columbia or in another jurisdiction, in which case he shall be sentenced to imprisonment for not more than ten years.* [Emphasis added.]

   D.C.Code 1973, § 22–3215 provides:

   Any violation of any provision of this chapter for which no penalty is specifically provided shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or both.

found that he carried the pistol off of the premises.

The trial court instructed the jury as follows:

By "place of business," it is meant, ladies and [gentlemen], a place where a person has a controlling proprietary or possessory interest. The law does not cover employees, managers or other workers, unless they individually have a controlling, proprietary or possessory interest in the property. The fact that a person may have been robbed or in fear, or have a desire to protect himself while on his employer's property does not constitute a defense to having a pistol, where someone worked, unless they individually have a controlling proprietary or possessory interest in the premises in question.

Appellant argues that this instruction was erroneous not only because it specifically suggested that a "manager" does not necessarily have a controlling interest but also because it runs afoul of a principle that must be read into the statute: "as to every place of business, there is a person in charge whom the statute implicitly authorizes to carry a pistol on the premises." Appellant's Brief at p. 8.

The statute, however, does not expressly —nor, we conclude, does it implicitly—create an exception allowing the person "in charge" of premises to carry a pistol without a license. The exception refers to a proprietary or possessory, not merely managerial, interest; i. e., in "*his* dwelling house or place of business or on other land *possessed* by him." D.C.Code 1973, § 22–3204 (emphasis added; quoted in note 1, *supra*). As we stated recently in *Berkley v. United States*, D.C.App., 370 A.2d 1331, 1333 (1977): "[I]t is clear that Congress, in passing [§ 22–3204], intended drastically to limit the possession of guns in the District of

Columbia . . . and we are convinced . . . that the exception is applicable only to those who have a controlling, proprietary or possessory interest in the business premises . . . ." *See Roumel v. United States*, D.C.App., 261 A.2d 240 (1970). We hold, accordingly, that the trial court's instruction was correct.

### III.

Appellant contends, next, that the trial court erred in sentencing him as a prior felon, based on his 1952 convictions by general court-martial of the following offenses: disrespect toward a superior commissioned officer (10 U.S.C. § 889 [1970]), assaulting a superior commissioned officer (10 U.S.C. § 890 [1970]), failure to obey a lawful order (10 U.S.C. § 892 [1970]), and breaking restrictions (10 U.S.C. § 934 [1970]). Assault on a superior commissioned officer and failure to obey a lawful order carry maximum prison terms of ten years and two years, respectively. Manual for Courts Martial, United States (rev. ed. 1969).

■ ■ D.C.Code 1973, § 22–3204 provides in relevant part:

Whoever violates this section shall be punished as provided in section 22–3215, unless the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a felony, either in the District of Columbia or in another jurisdiction, in which case he shall be sentenced to imprisonment for not more than ten years.

The trial court, after finding that appellant had been sentenced to four years' imprisonment by the military and then analogizing appellant's conviction for assault upon a superior commissioned officer to felonious assault upon a police officer, D.C.Code 1973, § 22–505, sentenced appellant as a prior felon.[2]

---

**2.** Appellant argues that the evidence is insufficient to show that the information of prior felony convictions had been filed prior to trial, as required by D.C.Code 1973, § 23–111(a)(1). He also argues that, in any event, the information did not accurately charge the prior conviction eventually proved, in that it erroneously alleged military convictions in Pennsylvania and Kansas (where appellant was incarcerated) rather than in Europe where he was

tried. Neither contention has merit. As to the first, the trial court expressly found that "the requirements of D.C.Code § 23–111(a) were *adequately complied with* when on the day of trial immediately prior to trial, the Assistant United States Attorney filed with the Court's clerk and served on the defendant an Information as to the previous felony convictions." This finding is corroborated by the physical location of the information in the record ahead

Section 22–3204 does not provide a definition of a "felony." Although D.C.Code 1973, § 22–104a (the habitual criminal statute) contains a felony definition, that statute specifically limits the definition to use under § 22–104a itself.[3] There is no other definition of "felony" in the District of Columbia Code applicable to § 22–3204.

We turn to the United States Code. Title 18 U.S.C. § 1 (1970) provides: "Notwithstanding any Act of Congress to the contrary: (1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony." We conclude that this statute is not controlling. It was enacted in 1948 to clarify and regularize the federal criminal laws applicable in the civilian federal courts. It did not purport to extend to military offenses, which are classified not as felonies or misdemeanors but, instead, by reference to the type of court-martial: "general," "special," and "summary." *See* 10 U.S.C. §§ 815–21 (1970). Furthermore, the fact that the Uniform Code of Military Justice does not set maximum penalties, but provides instead for maximums set by Presidential regulation, 10 U.S.C. § 856 (1970), is a further indication that military offenses are uniquely provided for—outside the purview of 18 U.S.C. §1.

Finally, as already indicated, the United States Code provisions governing military offenses themselves do not provide an answer, for they do not utilize felony-misdemeanor terminology. Thus, if we were to construe § 22–3204 to provide only for enhancement of sentences when a prior offense was actually labeled "felony," we would be eliminating all military convictions from consideration—the result reached in Kansas under its habitual criminal statute. *State v. Paxton,* 201 Kan. 353, 201 Kan. 607, 440 P.2d 650, *cert. denied,* 393 U.S. 849, 89 S.Ct. 137, 21 L.Ed.2d 120 (1968). Rather than take such an automatic, wooden approach, however, we believe it is important to examine the purposes of § 22–3204 and the approaches utilized in still other jurisdictions.

Appellant's central argument, as set forth in his brief, is that we should follow decisions in other jurisdictions to the effect that "an offense defined as a felony in the state of the prior conviction, but not so defined under the law of the forum state, is not a prior felony" for enhancement-of-sentence purposes. *See, e. g., State v. Kiddoo,* 354 S.W.2d 883 (Mo.1962); *State v. Knight,* 75 N.M. 197, 402 P.2d 380 (1965). It would follow, appellant argues, that because he merely struck the military officer with his bare hand, constituting a simple assault (misdemeanor) under District of Columbia law, *see* D.C.Code 1973, § 22–504, his previous crime should not be considered a "felony" under § 22–3204, notwithstanding the four-year term of imprisonment.

In addressing this argument, we note, first, that in at least two states, California and New York, the highest court has construed statutes analogous to § 22–3204 to permit use of court-martial convictions as prior felonies committed in "another jurisdiction," provided—as appellant would have it—that the military offense is equivalent to a forum-state felony. *People v. Calderon,* 205 Cal.App.2d 566, 23 Cal.Rptr. 62 (1962); *People v. Benjamin,* 7 A.D.2d 410, 184 N.Y.S.2d 1 (1959), *aff'd,* 8 N.Y.2d 812, 202 N.Y.S.2d 320, 168 N.E. 389, *cert. denied,* 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960). *Contra, State v. Paxton, supra.* We agree with the government, apropos of the California and New York approaches, that under our statute Congress cannot have intended to exclude all court-martial

of the trial materials. Second, prior to sentencing, appellant did not challenge the information's recitation of the places of conviction. Thus, he cannot now complain. *See* D.C.Code 1973, § 23–111(b) and (c).

**3.** D.C.Code 1973, § 22–104a provides in part:
(b) *For purposes of paragraph (1) of subsection (a)* [providing for enhanced sentences, including life imprisonment, for one who is convicted of a felony having two prior felony convictions]—

(1) a person shall be considered as having been convicted of a felony if he was convicted (A) of a felony in a court of the District of Columbia or of the United States, or (B) in any other jurisdiction of a crime classified as a felony under the laws of that jurisdiction or punishable by imprisonment for more than two years; . . . [Emphasis added.]

convictions from consideration under § 22–3204; it would be nonsensical to hold, for example, that the military equivalents of murder or armed robbery would be exempt from use to increase a sentence.

■ We need not, however, go so far as to adopt a rule requiring an equivalent or congruent District of Columbia felony before a court-martial conviction can be used to enhance punishment under § 22–3204. It is sufficient in this case to inquire whether an equivalent or congruent felony exists. We leave to another day, should the case ever arise, the decision whether absent a District of Columbia counterpart felony, a court-martial conviction, e. g., desertion, 10 U.S.C. § 885 (1970) could be used for punishment enhancement.

■ We come then to the question of whether appellant's conviction for assaulting a superior commissioned officer is sufficiently close to a District of Columbia felony to permit its use, as the trial court did, for enhancing his sentence. We answer yes; appellant's military conviction meets the felony test. Contrary to appellant's contention that his earlier conviction, with its four-year sentence, should be characterized by reference to simple assault, a misdemeanor, we believe that the better analogy is to an assault upon one who carries out significant authority of the sovereign; for example, a member of the police force. Such an assault can result in a felony conviction. D.C.Code 1973, § 22–505 (assault on member of the police force or fire department, or an employee of a penal institution or juvenile facility).

An assault on a superior commissioned officer is one of the most serious of military offenses; in fact, in wartime it is punishable by death. 10 U.S.C. § 890 (1970). While we have suggested that the military gloss itself cannot dictate felony status for an assault, we do not believe that in perusing the District of Columbia Code for similar offenses we must altogether ignore that the victim's own status, in some instances, dictates felony punishment. To analogize appellant's prior conviction to the least of the D.C.Code assault offenses would be to

blink at congressional policy, embodied in the Code, that assaults on certain agents carrying out sovereign authority are felonious. The analogy between a superior commissioned officer and a police officer is not perfect, but the critical similarity is the fact that each is given significant, though delimited, authority to protect the public against violence. If that very authority is threatened by violent acts, the entire community, not just the attacked individual, can be said to suffer. For this reason, assaults on certain specified public protectors, civilian or military, are equally serious.

We hold that the trial court was correct in sentencing appellant as a previously convicted felon.

*Affirmed.*

FERREN, Associate Judge, concurring:

My colleagues resolve the question whether a court-martial conviction can be a "felony," within the meaning of D.C.Code 1973, § 22–3204, by considering "whether appellant's conviction for assaulting a superior commissioned officer is sufficiently close to a District of Columbia felony to permit its use, as the trial court did, for enhancing his sentence." I agree with this test—and with the conclusion that appellant's court-martial conviction can be analogized properly to felonious assault under D.C.Code 1973, § 22–505. I disagree, however, with my colleagues' statement that they need not "go so far as to adopt a rule requiring an equivalent or congruent District of Columbia felony before a court-martial conviction can be used to enhance punishment under § 22–3204." Given our basis for decision, that statement is a nonsequitur.

All of us agree that military offenses, as such, are not classified as felonies or misdemeanors; thus, if court-martial convictions are to be used at all under § 22–3204, we must look to a definitional test for a "felony" derived from civilian offenses. We also agree that the length of a previously served sentence, as such, cannot be used to define "felony," not only because certain statutes cited by the government do not apply, *see* D.C.Code 1973, § 22–104a; 18 U.S.C. § 1

(1970), but also because the minimum periods of imprisonment vary from felony to felony; there is no discernible "felony" norm. Thus, there is only one principled basis left for using a court-martial conviction as a prior "felony": its elements must be virtually congruent with the elements of a District of Columbia felony. This decision, accordingly, should be read to adopt such a rule—the rule followed in California and New York. *See People v. Calderon,* 205 Cal.App.2d 566, 23 Cal.Rptr. 62 (1962); *People v. Benjamin,* 7 A.D.2d 410, 184 N.Y. S.2d 1 (1959), *aff'd,* 8 N.Y.2d 812, 202 N.Y. S.2d 320, 168 N.E. 389, *cert. denied,* 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960). I see no room for an argument (nor is there supportive precedent or legislative history) that a "felony" under § 22–3204 could be a purely military offense.*

---

* D.C.Code 1973, § 22–3204, provides that the prior conviction for enhancement purposes can be one for a crime which is a felony "either in the District of Columbia or in another jurisdiction," literally creating the possibility of enhancing a sentence on the basis of a foreign-state felony that constitutes a misdemeanor under the District of Columbia Code. Even if such a foreign felony-D.C. misdemeanor could be used for enhancement of penalties under § 22–3204 (a question we do not decide here), that possibility is irrelevant to considering whether particular military offenses are felonies, for military offenses do not use the felony label. Thus, if military offenses are to be used at all under § 22–3204, we must evaluate them, as a matter of necessity, by reference to the law of the District of Columbia forum. It is interesting to note that the Supreme Court of Kansas has taken an approach opposite to ours. *See State v. Paxton,* 201 Kan. 353, 201 Kan. 607, 440 P.2d 650, *cert. denied,* 393 U.S. 849, 89 S.Ct. 137, 21 L.Ed.2d 120 (1968). In construing a statute similar to § 22–3204 permitting enhancement based on a "felony" as defined by another jurisdiction, the court declined to permit the use of court-martial convictions at all, rather than limit their use to those defined by reference to forum-state felonies. The Kansas court, in effect, saw military offenses as being wholly outside the enhancement scheme of the statute. While I would not go that far, I find that statutory construction far more reasonable than one which not only would use military offenses for enhancement if virtually congruent with forum-state felonies but also would leave open the possibility of enhancement based on purely military offenses.