**[J-112-2019] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 77 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1529 MDA |
| | : | 2017 dated May 25, 2018, |
| v. | : | Reconsideration Denied August 3, |
| | : | 2018, Reversing the Order dated |
| | : | September 15, 2017 of the York |
| STEVEN WINFIELD COCHRAN, II, | : | County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-67-CR- |
| Appellant | : | 0000361-2017, Vacating the |
| | : | Judgment of Sentence and |
| | : | Remanding for Resentencing. |
| | : | |
| | : | ARGUED: November 21, 2019 |

**DISSENTING OPINION**

**JUSTICE WECHT**                                    **DECIDED: January 20, 2021**

I dissent. Steven Cochran's judgment of sentence became final approximately one month before the belated restitution hearing. Period. Accordingly, the trial court lacked jurisdiction to impose restitution. This want of jurisdiction is nonwaivable, and it may be raised by this Court *sua sponte*.[1] I would reverse the Superior Court's vacatur, and I would strike the trial court's belated restitution order. I would affirm the judgment of sentence in all other respects.

Section 1106(c)(2) of the Crimes Code is clear and unambiguous: a trial court "shall specify the amount and method of restitution" and it shall do so "*[a]t the time of sentencing*." 18 Pa.C.S. § 1106(c)(2) (emphasis added). That did not happen here. The Majority now puts a creative spin on things, taking the view that the trial court "proceeded

---

[1]     *Commonwealth v. Reid*, 235 A.3d 1124, 1141-43 (Pa. 2020).

with a segmented or bifurcated sentencing hearing." Maj. Op. at 13. But the devil is in the details.

Here is what those details show. At Cochran's guilty plea hearing, both the Commonwealth and the defense acknowledged that the final restitution amount was approximately $65,000. Before accepting Cochran's plea, the trial court entertained a defense request for a separate hearing to resolve some minor disputes over items listed on the insurance form that Cochran believed belonged to him, and that were not subject to a restitution order. Instead of imposing restitution using $65,000 as a placeholder, or electing to defer sentencing altogether until a final amount could be confirmed,[2] the trial court inexplicably imposed a sentence of prison time and court costs with no concomitant restitution order. No one caught this error in time to correct it *via* post-sentence motion (within 10 days) or pursuant to 42 Pa.C.S. § 5505 (within 30 days). Once the latter period elapsed, the court lacked jurisdiction to take any further action on the case. The fact that restitution had not yet been finalized does not toll the Section 5505 clock.

More than two months passed between "the time of sentencing" and the first restitution hearing, at which time Cochran challenged the court's jurisdiction to impose restitution. He did so again unsuccessfully at a second hearing several weeks later. Cochran then filed a notice of appeal from the trial court's untimely order; however, the notice contained no reference to his judgment of sentence.[3] This omission is of critical importance. It is beyond dispute that Cochran's judgment became final thirty days after

---

[2]  Notably in this regard, Pennsylvania Rule of Criminal Procedure 705.1 advises that, "[w]hen imposing restitution, the sentencing judge should consider whether the defendant has received notice of the intention to seek restitution prior to the hearing and whether the defendant intends to object to the imposition of restitution. *The sentencing hearing may need to be continued as a result.*" Pa.R.Crim.P. 705.1, Comment (emphasis added).

[3]  *See* Notice of Appeal, 10/3/2017.

entry, when neither he nor the Commonwealth appealed or sought post-sentence reconsideration, and after the trial court declined to act under Section 5505. *See* Pa.R.A.P. 903(a). Accordingly, the trial court's jurisdictional clock began to tick when Cochran was sentenced on June 29, 2017, and lapsed after thirty days on July 31, 2017.[4] The trial court lacked authority to alter substantively the judgment of sentence when it purported to impose restitution for the first time two months later. Consequently, the court's order was *ultra vires.*

The Superior Court overlooked this point. Instead, upon correctly recognizing that the trial court improperly ordered restitution *after* "the time of sentencing," in violation of Section 1106(c)(2)'s plain language, the appellate court reached back to the judgment of sentence and undid that as well, essentially providing the trial court with a mulligan. To justify the do-over, the intermediate panel looked to its own inherently inconsistent line of cases permitting total vacatur where the invalidation of any part of a sentence upsets the "sentencing scheme."[5] But the panel's reliance upon this Court's decision in *Commonwealth v. Goldhammer*, 517 A.2d 1280 (Pa. 1986), in fashioning that remedy was misplaced. *Goldhammer* dealt with a defense appeal of a sentence that contained an illegal term of imprisonment, not an untimely restitution order. *Id.* at 1281-82. That decision stands for the proposition that a trial court is permitted to resentence a defendant when a part of the initially imposed sentence is altered or vacated following a successful challenge to a *lawfully issued* judgment. *Id.* at 1283. Today's case is wholly

---

[4] July 30, 2017, fell on a Sunday. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[5] *Commonwealth v. Cochran*, 1529 MDA 2017, 2018 WL 2404980, at *3 (Pa. Super. May 25, 2018) (citing *Commonwealth v. Deshong*, 850 A.2d 712, 716-18 (Pa. Super. 2004); *Commonwealth v. Mariani*, 869 A.2d 484, 487 (Pa. Super. 2005); and *Commonwealth v. Gentry*, 101 A.3d 813, 819 (Pa. Super. 2014)).

distinguishable: nothing about Cochran's *sentence* was illegal, and neither party appealed from the sentencing order. Not only did the trial court act in contravention of the statute in issuing a post-sentence restitution order; it also plainly lacked jurisdiction to alter the judgment of sentence in any manner more than thirty days beyond the date of its imposition.

Perhaps recognizing the trial court's error in acting without jurisdiction, the Commonwealth asserts that, in vacating the unlawful restitution order, the Superior Court rendered the entire sentence illegal. This is so, the Commonwealth claims, precisely because the trial court was required to order restitution at sentencing. For support, the Commonwealth cites Sections 1106(a) and (c)(1) of the Crimes Code, both of which indicate that restitution "shall" be imposed. *See* 18 Pa.C.S. §§ 1106(a) ("the offender shall be sentenced to make restitution"), (c)(1) ("The court shall order full restitution."). The Commonwealth posits as well that Cochran *sub silentio* appealed his judgment of sentence—whether he wanted to or not, and irrespective of the actual words in his notice of appeal—because restitution is "inseparable" from the punishment prescribed for his particular crimes.[6] Collectively, these arguments constitute a radical incorporation theory, which, taken to its logical end, would permit an appellate court to invalidate sentences in any case involving property damage or personal injury where the trial court inadvertently failed to order restitution, whether or not the Commonwealth has endeavored to timely correct that error on appeal.

The Commonwealth's strained efforts to excuse the trial court's (and its own) oversight are apparent. In the Commonwealth's view, a sentence is always "illegal" if it does not include restitution when mandated. Thus, the Superior Court will always be faced with a Hobson's choice in this scenario. If the court vacates an untimely restitution

---

[6]     Commonwealth's Brief at 9, 18.

order, it *ipso facto* renders the sentence "illegal" because the defendant no longer will be required to pay "full restitution" in accordance with the Crimes Code; if the court instead affirms a sentence including an untimely restitution order, it does so "illegally" because it lacked jurisdiction to do so. It is unclear why the costs of the trial court's non-compliance with Section 1106, and the Commonwealth's failure to catch that error, should be borne by the defendant. This is not a case where the trial court was tricked into sentencing Cochran by fraud or deception. To the contrary, defense counsel was forthright in advising the court at sentencing that the *bona fide* restitution amount was at least $65,000, subject to some small disputes about certain personal belongings. Although Cochran would undoubtedly receive a windfall because of the trial court's blunder, he had no responsibility to point out the court's error at the plea hearing.

We would subvert the Commonwealth's role in our criminal justice system by placing the onus on Cochran to maximize his own punishment. It is the Commonwealth's "responsibility . . . to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered." 18 Pa.C.S. § 1106(c)(4)(i). It is also the Commonwealth's burden to identify any deviations from the statutory requirement that "the amount and method of restitution" shall be specified "[a]t the time of sentencing" and to bring them to the court's attention so that they promptly are corrected. *Id.* § 1106(c)(2).[7] Here, the trial court simply ignored the clear commands of Section 1106(c), and it then compounded its error by acting after it had lost jurisdiction.

---

[7] The same would be true if the trial court had failed to impose a mandatory minimum sentence in contravention of an applicable statute. In that instance, as here, the Commonwealth may seek to correct the sentence by way of a post-sentence motion or a *timely* appeal. *See Commonwealth v. Smith*, 598 A.2d 268, 270 (Pa. 1991) (finding that a trial court's error in failing to impose a mandatory minimum sentence for recidivist violent offenders was non-waivable and entitled the Commonwealth to resentencing if it invoked its right to appellate review); *id.* at 275 ("A defendant . . . has no expectation of finality in his sentence until the appeal is concluded *or the time period for appeal is expired*.") (emphasis added).

The Majority dismisses these considerations as "reward[ing] gamesmanship and ignor[ing] the accommodations that were made at [Cochran's] request to challenge the restitution amount." Maj. Op. at 13 n.10. But defense counsel's request for a ninety minute restitution hearing—which evidently had been coordinated with the Commonwealth ahead of time—was raised and accommodated *before* the commencement of Cochran's guilty plea colloquy. *See* Notes of Testimony, 6/29/2017, at 2-3. With that in mind, one could hardly claim that Cochran surreptitiously tricked the trial court into subsequently sentencing him in violation of the statute in order to avoid paying restitution. Cochran plainly was willing to pay; the only lingering issue was whether he in fact owned some of the items included in the Commonwealth's recommendation. While nothing prohibits a court from accepting a guilty plea on one date and continuing the matter for a separate restitution hearing to resolve these kinds of issues, Section 1106 itself plainly forecloses bifurcating the statutorily mandated restitution *order* from the remainder of a judgment of sentence. Here the trial court easily could have waited to impose its sentence until after the completion of the restitution hearing. For whatever reason, it did not. In its haste, the court contravened the express terms of the pertinent sentencing provision. Today's Majority doubles down on that error.

Despite the confusion below as to the requirements of sentencing, this much is clear: Cochran began serving his aggregate sentence of three to twenty-three months' incarceration on June 29, 2017, when he was taken into custody and incarcerated at the York County Prison. That is the date on which Cochran's appellate rights accrued. No appeal was taken from that sentence by Cochran or by the Commonwealth. After thirty days, the judgment became final. The trial court lost jurisdiction to modify or otherwise act upon Cochran's sentence, regardless of its error in neglecting the mandatory nature

of restitution. When a sentencing court errs, its mess may not be cleaned up on the back of the defendant.

Justice Donohue joins this dissenting opinion.