Arthur Constantine **ROUMEL**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 4997.

District of Columbia Court of Appeals.

Argued Oct. 14, 1969.

Decided Jan. 28, 1970.

---

William J. Garber, Washington, D. C., for appellant.

Edwin K. Hall, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Donald T. Bucklin, Asst. U. S. Attys., were on the brief, for appellee. Roger E. Zuckerman, Asst. U. S. Atty., also entered an appearance for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

Appellant was accused of striking his brother in the head with a metal bar encased in a paper bag during the course of an altercation, which arose out of a family squabble over money to be collected as rent from tenants in the apartment building where appellant lived. The incident took place in a hallway in that building. He was tried before a jury on charges of simple assault and carrying a dangerous weapon, but convicted of the latter offense only.

Appellant's brother, the complainant, testified that the apartment building in which the incident occurred was the subject of a family trust agreement as to which appellant was both a co-trustee and a beneficiary. Appellant, who resided in the apartment building, referred to himself as co-owner without contradiction.

Appellant contends this testimony established he was at least a "possessor" of the apartment building and therefore not within the purview of the dangerous weapon statute, which provides, in pertinent part, as follows:

> No person shall within the District of Columbia carry either openly or concealed on or about his person, *except in his dwelling house or place of business or on other land possessed by him* * * *. D.C.Code 1967, § 22–3204 (emphasis added).

The testimony to which we have referred was elicited at trial for a wholly different purpose than that for which ap-

pellant urges it here.[1] Defense counsel made no mention of the statutory exception, did not request an instruction on it and did not object to its omission from the charge to the jury. The point is thus raised on appeal for the first time.

 While the "[a]bsence of objections ordinarily relieves an appellate court of the necessity of noticing errors, * * * it does not preclude the court from doing so." Payton v. United States, 96 U.S.App. D.C. 1, 4, 222 F.2d 794, 797 (1955). "[O]ur power to notice errors raised for the first time on appeal is discretionary, and will be exercised only where the error alleged is 'plain error' and clearly prejudicial to the appellant." Bunter v. United States, D.C. App., 245 A.2d 839, 842 (1968).

 We think the prejudice to appellant in this case is so serious as to require invocation of the "plain error" rule. In identifying appellant as a co-trustee and a beneficiary of the family trust holding title to the apartment house, where he resided, it may fairly be said that the Government's own evidence brought him within the exception in the statute. In contemplation of the statutory section, appellant was a part owner and in possession of the apartment building. In fact, under the circumstances, the building could reasonably be regarded as his place of business. It is not the sense of the statute that a person need be a sole rather than part owner of the premises involved.[2]

 But since, as we have stated, this issue was not fully litigated at the trial, we feel we should give the Government the option of a re-trial if it so requests and has evidence to show that appellant does not come within the exception in the statute.[3] The Government will have 30 days for this purpose.

---

1. Counsel on appeal was not defense counsel at the trial.

2. We do not mean to imply that this view should be extended to include, say, a co-owner in a multi-unit condominium.

---

Reversed with instructions to enter a judgment of acquittal unless the Government requests a new trial within 30 days in accordance with this opinion.

---

3. Cf. Franklin v. United States, 117 U.S. App.D.C. 331, 335, 330 F.2d 205, 209 (1964).