COMMONWEALTH *vs.* WILLIAM BELDING.

No. 96-P-355.

Suffolk. November 13, 1996. - April 4, 1997.

Present: DREBEN, GREENBERG, & LAURENCE, JJ.

*Firearms. Practice, Criminal,* Deliberation of jury, Question by jury. *Statute,* Construction.

A criminal defendant charged with unlawful possession of a firearm was not entitled to a required finding of not guilty on the ground that at the time in question he was "present in or on his residence or place of business" and hence within the statutory exception of G. L. c. 269, § 10, where the evidence was in conflict whether the defendant possessed the weapon in his own apartment or in a common area over which he lacked exclusive control [436-438]; further, this court declined to rule that the entire apartment building was the "place of business" of the defendant, who was the owner-landlord [438].

At the trial of an indictment for possession of a firearm in violation of G. L. c. 269, § 10, the judge erred in answering a question of the deliberating jury, where the inquiry was not with respect to a matter of law but rather concerned a question of fact, viz., whether the defendant was at the time in question "present in or on his residence," which was for the jury to decide. [438-440]

INDICTMENT found and returned in the Superior Court Department on May 26, 1993.

The case was tried before *Judith A. Cowin,* J.

*Willie J. Davis* for the defendant.

*Stephanie A. Sheps* (*Katherine E. McMahon,* Assistant District Attorney, with her) for the Commonwealth.

DREBEN, J. After a bitter telephone argument between the defendant-landlord and his third-floor tenant, Dennis Forgue, the latter told the defendant, "Bill, if you want to take care of this outside, meet me outside" and hung up the phone. Forgue then started down the stairs. When Forgue was half-way down the stairs, the defendant, after a brief conversation,

fired a shot which hit the wall near Forgue.[1] Charged with armed assault with intent to murder and with unlawful possession of a firearm not being present in his residence or place of business, the defendant was convicted of the lesser included offense of assault and of the unlawful possession of a firearm.

This appeal relates only to the latter conviction,[2] the defendant contending that he fell within a statutory exemption of G. L. c. 269, § 10, and, in addition, that the trial judge, in responding to a question from the deliberating jury, impermissibly answered a question which should have been decided by the jury. We agree with the second contention and reverse.

1. The defendant claims he was entitled to an acquittal on the ground that, as the owner of a three-family house, he was "present in or on his residence or place of business" and hence within the statutory exception of G. L. c. 269, § 10, as appearing in St. 1990, c. 511, § 2. That statute provides, in relevant part:

> "Whoever, except as provided or exempted by statute, knowingly has in his possession . . . a firearm, loaded or unloaded . . . without . . . being present in or on his residence or place of business . . . shall be punished . . . . The sentence imposed on such person shall not be reduced to less than one year, nor suspended . . . ."

The evidence was contradictory as to the position of the defendant when he fired the shot. He claimed that he opened his door but did not go into the hallway, while Forgue testified that the defendant was in the hall when he took aim at Forgue. The significance of the defendant's location is that *Commonwealth* v. *Seay*, 376 Mass. 735, 742-743 (1978), and its progeny, *Commonwealth* v. *Dunphy*, 377 Mass. 453, 458-459 (1979); *Commonwealth* v. *Statham*, 38 Mass. App. Ct.

---

[1] Forgue and the defendant presented different accounts of the incident. Forgue claimed that as he came down the stairs, the defendant started to swear at him, said he would kill him, pulled a gun, aimed it at Forgue's head, and fired. The defendant's version was that he told Forgue to stop, that Forgue looked at the gun and said, "That's a starter's pistol" (i.e., not a real gun), whereupon the defendant said, "I'll show you," and shot against the wall.

[2] The defendant received a suspended sentence on the assault, and a mandatory one-year imprisonment sentence on the unlawful possession charge.

582 (1995), establish that a firearm may, under the statutory framework, be legally kept in a home or place of business for self-protection if the possessor has a firearm identification card, but the home or business exemption is inapplicable to common areas over which the possessor lacks exclusive control.[3]

In distinguishing *Commonwealth* v. *Seay,* the defendant, acknowledging that the distinction was proffered "at the risk of splitting hairs," points to the following language in *Seay,* 376 Mass. at 743:

> "[W]e hold that G. L. c. 269, § 10(*a*), prohibits the unlicensed carrying of a firearm in a foyer or other common area of an apartment building by one who merely happens to rent an apartment therein."

The defendant argues that neither an apartment house nor a tenant is involved in the present case, that the defendant-owner had exclusive control over the premises, and the tenants merely had a right of access to the common areas.

The argument is not persuasive. The focal point of our cases is not ownership, see *Commonwealth* v. *Statham,* 38 Mass. App. Ct. at 583 (house had been purchased by the defendant, with his mother and aunt), but rather exclusivity of control, that is, that possession be in an area not used in common with others. See also *Commonwealth* v. *Albert,* 391 Mass. 853, 862 (1984) ("dwelling" in G. L. c. 278, § 8A ["castle" statute], does not extend beyond person's own apartment and perhaps any separate areas subject to his exclusive control; court also cited *Commonwealth* v. *Seay, supra,* to show that its definition of "dwelling" under c. 278, § 8A, accords with the interpretation of analogous statutes); *Commonwealth* v.

[3]The statute was amended (St. 1990, c. 511, § 2) to include specifically the exemption for a person present in his or her residence or place of business. As appears in 1990 House Doc. No. 1291, the amendment as originally drafted stated: "The purpose and intent of this act is to impose a minimum one year mandatory jail sentence without exception for any person who is unlicensed to possess a firearm, rifle or shotgun away from his home or place of business and does so." Although the words "away from" might connote a somewhat broader exception, in *Commonwealth* v. *Statham,* 38 Mass. App. Ct. at 584, we "presumed" that the Legislature in amending the act was aware of the judicial decisions and "merely put in statutory form what already had been declared by judicial exposition" (internal citations omitted).

*Jefferson*, 36 Mass. App. Ct. 684, 687 (1994) ("dwelling" in G. L. c. 278, § 8A, is apartment itself and does not comprise the nonexclusive hallway outside the apartment).

We reject the defendant's additional contention that the defendant was at his place of business. Even if we were to accept the dubious proposition that the defendant's apartment could be viewed as his place of business merely because he was the landlord, we reject the notion that a landlord residing in one apartment can, without more, claim the whole house, or the common areas, as his place of business. The defendant relies on *Roumel* v. *United States*, 261 A.2d 240, 242 (D.C. 1970), where a dangerous weapon was used in a hallway. The statute in that case differs from G. L. c. 269, § 10.[4] The court considered the defendant, a cotrustee and beneficiary of a trust owning the building, a part owner, and in possession of the building, and also stated, "In fact, under the circumstances, the building could reasonably be regarded as his place of business." 261 A.2d at 242. If and to the extent that *Roumel* differs from our interpretation of c. 269, § 10, we decline to follow it.

The rationale for our statute was expressed in *Commonwealth* v. *Seay*, 376 Mass. at 742-743: "The interest of an apartment dweller in defending himself — the only apparent reason for allowing him to carry a firearm in his own dwelling in the first place — is clearly attenuated when he passes his doorway to enter a common area offering easy retreat." This rationale applies with equal force to the exemption for a person's place of business.

2. During deliberations, the jury sent the judge the following question:

> "Your Honor: We request a clarification concerning the law on the charge of possession of a firearm outside a residence. If a person's arm extended beyond the threshold of his residence, if his arm extends into the common area, does that constitute the person's being outside his residence?"

Before answering the question the judge considered and

---

[4]That statute provided: "No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business *or on other land possessed by him.*" D.C. Code Ann. § 22-3204 (1967) (emphasis supplied).

rejected the defendant's argument that: "[T]he person is the whole body. This is just a part of the body." Over his objection, the judge in writing answered the jury's question, "Madam Foreperson: The answer is yes."

As indicated earlier, there was a dispute as to the crucial question whether the defendant was in the hall or whether he was in his apartment when he fired his gun. The statute does not define "present in or on his residence or place of business." Based on cases holding that other questions under the statute, not dissimilar from the one asked by the jury, are questions for the fact finder, we agree with the defendant that the question was one to be decided by the jury. In *Commonwealth* v. *Bartholomew*, 326 Mass. 218 (1950), the defendant argued that the question whether a gun without a firing pin, and, in that condition incapable of discharging a bullet, was a "machine gun" was a question of law. The court disagreed, holding it was a question of fact for the jury on appropriate instructions. *Id.* at 222. Similarly, in *Commonwealth* v. *Sperrazza*, 372 Mass. 667, 670 (1977), the court stated, citing *Commonwealth* v. *Bartholomew, supra,* "Whether a gun is a 'firearm' as defined is a question of fact for the jury." In *Commonwealth* v. *Lee*, 10 Mass. App. Ct. 518 (1980), the question was whether the defendant fell within the exemption of G. L. c. 140, § 129C, fourth par. (*h*), as amended through St. 1973, c. 892, § 4, which makes § 129C inapplicable to nonresidents traveling in or through the Commonwealth, "provid[ed] that any rifles or shotguns are unloaded and *enclosed in a case*" (emphasis supplied). We held that "[w]hether a case is sufficient to establish the existence of the exemption . . . is a question of fact to be answered by a fact finder under appropriate instructions . . . ." 10 Mass. App. Ct. at 524. We also held the trial judge was in error in asking the jury, "Do you think that the cardboard box is a case or do you think that the statute calls for a container that is in fact a case for a gun?" *Id.* at 522. As matter of law, we construed the statute as not requiring that a rifle be enclosed in a case that is specifically manufactured as a gun case. *Ibid.* Again, in *Commonwealth* v. *Statham*, 38 Mass. App. Ct. at 584 n.3, we indicated that the question whether a defendant had exclusive control of a backyard was a factual determination for the jury.

Penal statutes must be strictly construed. *Commonwealth*

v. *Perry*, 391 Mass. 808, 813 (1984). *Commonwealth* v. *Callahan*, 405 Mass. 200, 205 (1989). The statute does not state, and judicial construction has not established, that a person is not "present in or on his residence or place of business" if his or her arm is extended into a common hallway. As we said in *Commonwealth* v. *Lee*, 10 Mass. App. Ct. at 522, quoting from *Libby* v. *New York, N.H. & H.R.R.*, 273 Mass. 522, 525-526 (1930), "[p]enal statutes must be construed strictly" and not extended "by the probable or supposed intention of the legislature as derived from doubtful words . . . . [I]n order to charge a party with a penalty, he must be brought within [a statute's] operation, as manifested by express words or necessary implication." The defendant, if he extended his arm within the hallway, was not as matter of law brought within the statute. See *Yoon* v. *United States*, 594 A.2d 1056, 1065 (D.C. 1991). The question was one for the jury.[5]

Our construction of the statute makes it unnecessary to discuss the defendant's constitutional rights under the Fifth and Sixth Amendments to the United States Constitution. See *United States* v. *Gaudin*, 515 U.S. 506 (1995), upon which the defendant relies.

The judgment on the indictment charging the defendant with violating G. L. c. 269, § 10(*a*), is reversed, and the verdict is set aside.

*So ordered.*

---

[5]An appropriate answer to the jury's question in this case, see *supra* at 438, could have been: This is not a question of law. It is for you to determine under the facts as you decide them whether the defendant was present in or on his residence.