J-S41034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL RAYFORD SHAULIS | : | |
| | : | |
| Appellant | : | No. 290 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 25, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000049-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL RAYFORD SHAULIS | : | |
| | : | |
| Appellant | : | No. 291 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 25, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000050-2022

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: DECEMBER 7, 2023**

Appellant, Daniel Rayford Shaulis, appeals from the judgment of

sentence entered in the Court of Common Pleas of Cambria County following

his guilty plea to one count of involuntary deviate sexual intercourse, two

_____

[*] Former Justice specially assigned to the Superior Court.

counts of indecent assault, and two counts of corruption of minors[1] at lower court docket number CP-11-CR-0000049-2022 ("49-2022"), as well as one count of indecent assault[2] at lower court docket number CP-11-CR-0000050-2022 ("50-2022"). After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant, who was fifty-one years old, was arrested and charged in connection with the sexual abuse of his eleven-year-old granddaughter ("the victim"). Appellant proceeded to an arraignment on November 5, 2021, at which time bail was set at 10% of $75,000.00. Appellant did not post bail and remained incarcerated; however, he filed a motion seeking a bail reduction.

In response, the Commonwealth filed a motion to increase Appellant's bail. Therein, the Commonwealth relevantly indicated:

> A review of [Appellant's] criminal history reveals that he was charged and convicted between the years of 2001 and 2003 via the United States Military Criminal Justice System of Indecent [Acts or] Liberties with a Child[.] [Appellant's] criminal history also shows that he served a term of confinement, was dishonorably discharged, and required to register as a sex offender after release as a result of these convictions. As a result of his previous convictions and pursuant to 40 Pa.C.S.A. § 9718.2, if [Appellant] is convicted of any one of the counts charged in the present criminal Information, he faces a mandatory minimum sentence of twenty-five (25) years of total confinement.

Commonwealth's Motion to Modify Bail, filed 1/20/22, at 2-3.

---

[1] 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), and 6301(a)(1)(ii), respectively.

[2] 18 Pa.C.S.A. § 3126(a)(7).

Thereafter, at the conclusion of Appellant's preliminary hearing on January 12, 2022, the magisterial district justice held a hearing on the issue of bail. During the hearing, Appellant admitted he was charged with a crime while he was in the military. N.T., 1/12/22, at 38. He specifically testified he "took a guilty plea to a sex offense regarding a minor family member[.]"[3] *Id.* at 39.

On March 1, 2022, at lower court docket number 49-2022, the Commonwealth filed an Information charging Appellant with 319 crimes related to the sexual abuse of the victim over a four-year period. On that same date, at lower court docket number 50-2022, the Commonwealth filed an Information charging Appellant with three crimes related to the sexual abuse of the same victim at Appellant's place of employment. The Commonwealth provided notice of compulsory joinder of the two cases pursuant to Pennsylvania Rule of Criminal Procedure 582(B)(1).

On May 24, 2022, the Commonwealth filed a motion for a protective order to secure Appellant's prior criminal military records. Therein, the Commonwealth noted that, when Appellant was in the United States Army, he was previously convicted of, *inter alia*, indecent acts or liberties with a child by the United States Military criminal justice system. The Commonwealth

_____

[3] Although not pertinent to this appeal, we note the magisterial district justice denied Appellant's request to reduce bail, as well as denied the Commonwealth's request to increase bail.

noted it requested the official records related to Appellant's prior criminal military court-martial; however, the United States Army responded that it required a protective order limiting disclosure by a signed judge prior to releasing the certified criminal records. In its motion, the Commonwealth specifically averred the "records will have bearing on the sentence imposed by the trial court in the [instant] cases." Commonwealth's Motion For Protective Order, filed 5/24/22. On May 24, 2022, the trial court signed the protective order so that the United States Army would release Appellant's certified criminal military court-martial records to the Commonwealth.

On May 26, 2022, Appellant, who was represented by counsel, proceeded to a hearing where he entered a negotiated open guilty plea to the six charges set forth *supra*. In exchange, the Commonwealth agreed to *nol pros* all remaining charges.[4] Relevantly, at the on-the-record guilty plea hearing, Appellant acknowledged his plea agreement contained no agreement as to his sentence.[5] N.T., 5/26/22, at 2. He acknowledged his right to have a bench trial or a right to a jury trial, and he confirmed his understanding that

_____

[4] Specifically, the Commonwealth agreed to *nol pros* all remaining charges thirty-one days after sentencing unless post-sentence motions or an appeal was filed in which case the charges would be *nol prossed* thirty-one days after the resolution of the matter.

[5] Appellant agreed as part of the plea agreement that he would complete a SORNA assessment with the Sexual Offenders Assessment Board, and he would be subject to SORNA's registration requirements.

he was "giving up" that right by entering a guilty plea. *Id.* at 3. Appellant indicated his attorney had been available to consult with him and answered his questions. *Id.* He specifically acknowledged he was satisfied with his attorney's representation. *Id.* Appellant confirmed he was entering his guilty plea voluntarily and of his own free will, and no one made any threats or promises beyond those in the written plea agreement.[6] *Id.*

On June 23, 2022, the Commonwealth filed notice of its intent to seek the mandatory minimum sentence of 25 years at each of the six counts to which Appellant pled guilty. Specifically, the Commonwealth asserted it had received Appellant's certified military records, which confirmed that Appellant has a prior conviction for indecent acts or liberties with a child, dated June 5, 2003, from a United States Army General Court Martial. The acts underlying

_____

[6] We note the oral guilty plea colloquy in this case was brief. During the oral colloquy, the trial court noted Appellant completed a written "pleaders memorandum" with the assistance of his counsel. N.T., 5/26/22, at 2. In the "pleaders memorandum," the charges to which Appellant pled guilty are set forth. The "pleaders memorandum" contains either "n/a" or a handwritten line next to the area for "mandatory minimum" for each crime.

The written plea agreement, which is signed by the Commonwealth, lists the charges to which Appellant pled guilty, notes Appellant will be subject to SORNA, notes the condition precedent for the Commonwealth to *nol pros* the remaining charges, and indicates "except as expressly provided otherwise herein, there is no other agreement as to sentence or any other matter." Written Plea Agreement, filed 5/27/23.

Appellant's military conviction included Appellant fondling an eleven-year-old victim's vaginal area and placing her hand on his penis.[7]

On July 22, 2022, at both lower court docket numbers, Appellant filed a counseled pre-sentence motion seeking to withdraw his guilty pleas. Therein, Appellant relevantly averred that, on June 23, 2022, the Commonwealth advised that it was seeking a mandatory 25-year sentence on each of the six individual offenses to which Appellant pled guilty, and Appellant was unaware of the mandatory minimums that would be associated with his offenses when he pled guilty. Appellant averred the Commonwealth would not be prejudiced if his pleas were withdrawn.

On August 1, 2022, the Commonwealth filed a brief in opposition to Appellant's pre-sentence motion to withdraw his guilty pleas. Therein, the Commonwealth relevantly averred:

> Appellant cannot credibly claim that he was unaware of applicable mandatory minimums. The Commonwealth has repeatedly represented to [Appellant] through counsel that a conviction for any Megan's Law offense in the instant case would invoke a mandatory minimum sentence of 25 years, which the Commonwealth intended to seek. Pursuant to applicable rules of criminal procedure, the Commonwealth gave written notice of this intention after conviction/plea and before sentencing.
>
> Finally, the Commonwealth asserts that it would be prejudiced if [Appellant] is permitted to withdraw his pleas. Withdrawal of said pleas will allow [Appellant] to further prolong trial resulting in the memories and recollection of the minor victim

---

[7] The certified military records confirmed that Appellant entered a guilty plea during the military court-martial, and he was sentenced to twenty-one months in confinement, as well as dishonorably discharged from the military.

and other witnesses fading. The Commonwealth would be further prejudiced by said withdrawal as co-defendant, [Appellant's] son, Michael Shaulis, has pled and has been sentenced pursuant to a closed plea.[8] Michael Shaulis had previously indicated a willingness to cooperate against [Appellant]. However, Michael Shaulis was sentenced on June 6, 2022, with the understanding that his cooperation would not be necessary against [Appellant] since [Appellant] had pled guilty days earlier. Having pled and been sentenced, Michael Shaulis's credibility may be called into question at the trial of his father, and Michael Shaulis may lose willingness to cooperate since his case has been disposed of and his sentence rendered. Had [Appellant] not pled guilty, the Commonwealth would not have pursued the sentencing of Michael Shaulis prior to the trial of [Appellant].

Commonwealth's Brief, filed 8/1/22, at 2-3 (footnote added).

On August 22, 2022, the trial court held a hearing on Appellant's pre-sentence motion to withdraw his guilty pleas. At the hearing, defense counsel acknowledged that, prior to Appellant entering his guilty pleas, he and the Assistant District Attorney had "conversations with regard to sentences." N.T., 8/22/22, at 3. He confirmed the Assistant District Attorney indicated "there could possibly be mandatories as a result of a conviction that [Appellant] had back in the Army many years prior." *Id.* However, defense counsel averred Appellant "was not aware [when he pled guilty] that he was receiving a mandatory." *Id.* at 5. Defense counsel indicated Appellant entered his guilty plea "on the assumption that there was no agreement…with regard to any mandatories that the Commonwealth was seeking." *Id.*

_____

[8] The record reveals that, with Appellant's encouragement, Michael Shaulis also sexually abused the victim. As the trial court noted, Appellant was the "orchestrator…the scheduler" of the abuse. N.T., 10/25/22, at 17.

Defense counsel further indicated that, when he informed Appellant of the Commonwealth's June 23, 2022, notice, Appellant indicated "it was not acceptable," so defense counsel filed a pre-sentence motion to withdraw the guilty pleas. *Id.* at 4. Defense counsel informed the trial court that "quite frankly, [Appellant] does not want to withdraw his plea. He would rather have the plea stand and have you sentence him without the mandatories that he was advised of after." *Id.*

The Commonwealth, in response, noted Appellant's argument at the hearing "centered mostly on the fact that he doesn't want the court to impose a mandatory minimum sentence of 25 years." *Id.* at 6-7. The Commonwealth noted that, before Appellant entered his plea, the Commonwealth informed Appellant that it was obtaining Appellant's criminal military record to determine the applicability of the mandatory minimum sentencing scheme in the case *sub judice*. *Id.* at 7. The Commonwealth indicated:

> There were no representations prior to plea that the Commonwealth would not seek the mandatory. And as [defense counsel] told you, there was discussion that the Commonwealth believed that the mandatory may be applicable here.
>
> The [written] plea agreement, which is part of the record in this case, indicates that there is no further agreement as to sentence. There was no agreement that the Commonwealth would or would not seek mandatories in this case.

*Id.*

Additionally, the Commonwealth advised the trial court that it would be substantially prejudiced if Appellant was permitted to withdraw his guilty pleas. Specifically, the Commonwealth indicated:

> [Appellant] has to prove that the Commonwealth would not be prejudiced by withdrawal of [his pleas in] this case. The Commonwealth maintains the opposite. We would, in fact, be prejudiced if the court were to allow withdrawal here. The co-defendant, Michael Shaulis, [who is Appellant's] son and the uncle of the victim here, had indicated his willingness to cooperate against [Appellant] to testify against him. [Michael Shaulis] pled guilty, and we were waiting his sentencing pending [Appellant's] decision to plead guilty.
>
> [Michael Shaulis] was sentenced on June 6, 2022[.] [This was] [a]fter [Appellant] had entered a plea and with the understanding that [Michael Shaulis's] cooperation would not be necessary against [Appellant] because he had entered a plea.
>
> [The appellate courts] have indicated that the [trial] court properly denied [a] defendant's motion to withdraw a plea where a cooperating co-defendant had been pled and sentenced prior to the [motion to] withdraw and would therefore lack motivation to cooperate against the defendant at issue. For that reason, [the Commonwealth] believes that [the Commonwealth] would also be severely prejudiced should the [trial] court grant [Appellant's] motion to withdraw [in the instant case].

*Id.* at 7-8.

The trial court denied Appellant's pre-sentence motion orally on the record.[9] In so doing, the trial court noted that, when Appellant pled guilty, he was aware the Commonwealth was seeking his military records for the purposes of sentencing with the possibility that the mandatory minimum

---

[9] The trial court also filed a written order denying Appellant's pre-sentence motion to withdraw on August 22, 2022.

sentence would be applicable. *Id.* at 9. The trial court noted that the written plea agreement indicated there was no agreement as to the imposition of any sentence. *Id.* Thus, the trial court concluded Appellant entered his plea knowingly, intelligently, and voluntarily. *Id.*

Moreover, the trial court concluded that, if Appellant was permitted to withdraw his guilty pleas, "the Commonwealth would be significantly prejudiced since they had already completed their agreement with the co-defendant." *Id.* at 9-10. Further, the trial court noted the emotional trauma the child victim would likely suffer given that she was told she would not have to testify at trial against her grandfather. *Id.* at 10.

On October 25, 2022, Appellant proceeded to a sentencing hearing, at which the trial court acknowledged it had a pre-sentence investigation report. The trial court also acknowledged it had the official records from the United States Army regarding Appellant's prior military criminal conviction. Appellant objected to the introduction of the United States Army's records on the basis the records were hearsay. N.T., 10/25/22, at 6. Appellant contended the Commonwealth was "required to bring someone in from the Department of Army" to testify about the records. *Id.*

Moreover, during the sentencing hearing, defense counsel requested the trial court reconsider permitting Appellant to withdraw his guilty pleas. Defense counsel asserted Appellant was unaware that the Commonwealth was pursuing the imposition of a mandatory minimum sentence and, had Appellant

known, he would not have entered guilty pleas. *Id.* at 7. Alternatively, defense counsel noted Appellant "is willing to stand by the guilty pleas that he previously entered in this court on May 26, 2022, and asks the court not to impose the mandatory sentences that the Commonwealth is requesting." *Id.* at 8.

The Commonwealth, on the other hand, argued the mandatory minimum sentence is applicable based on Appellant' prior military convictions, as confirmed by the official United States Army records. Further, the Commonwealth argued the trial court should impose the sentences consecutively since, not only did Appellant commit the sex acts against the young victim, but he encouraged his son, the victim's uncle, to sexually abuse the victim, as well. *Id.* at 13.

Appellant informed the trial court that he was "pushed and forced" into "taking the deal" while he was in the military. *Id.* at 14. He noted his current victim's mother is an "unfit mother." *Id.* He indicated he had remorse for what happened to the victim. *Id.*

The trial court concluded the Commonwealth established the existence of Appellant's prior military conviction by a preponderance of the evidence. The trial court further concluded the military conviction qualified as a previous conviction for purposes of applying the mandatory minimum under 42 Pa.C.S.A. § 9718.2. The trial court then sentenced Appellant to an aggregate

of 75 years to 150 years in prison.[10]  The trial court gave Appellant credit for time served.

Appellant filed a timely, counseled post-sentence motion averring the trial court illegally imposed a mandatory minimum sentence under 42 Pa.C.S.A. §§ 9718 and 9799.  Also, Appellant contended the trial court erred in denying his pre-sentence motion to withdraw his guilty pleas on the basis that, when Appellant pled guilty, he was unaware the Commonwealth would be asking for a mandatory minimum sentence.

By order entered on February 27, 2023, the trial court denied Appellant's post-sentence motion. This timely, counseled appeal followed,[11] and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Involved" (verbatim):

1. Did the court err by not permitting your Appellant to withdraw his plea after he was notified that the Commonwealth would be seeking the imposition of a mandatory sentence based upon the prior military history?

_____

[10] Specifically, imposing the mandatory minimum sentence, the trial court sentenced Appellant to 25 years to 50 years in prison for each charge to which Appellant pled guilty. The trial court directed that the sentence for each count of indecent assault at lower court docket number 49-2022 would run consecutively to the sentence for the sole count of involuntary deviate sexual intercourse at lower court docket number 49-2022.  The sentences for the remaining convictions at both docket numbers were imposed concurrently.

[11] Appellant filed separate notices of appeal at each lower court docket number, and this Court *sua sponte* consolidated the appeals.

> 2. Did the court err by allowing hearsay evidence to establish a prior military conviction such that a mandatory sentence became applicable?

Appellant's Brief at 6 (suggested answers omitted).

Initially, we address Appellant's second issue. Appellant contends the trial court unlawfully sentenced him at each count to a mandatory minimum of 25 years of incarceration under 42 Pa.C.S.A. § 9718.2(a)(1), where the Commonwealth failed to prove Appellant had a prior qualifying conviction.

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Summers***, 245 A.3d 686, 697 (Pa.Super. 2021) (citation omitted).

Section 9718.2 provides, in relevant part:

Any person who is convicted…of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been **convicted** of an offense set forth in section 9799.14…or **an equivalent crime in another jurisdiction**, be sentenced to a minimum sentence of at least 25 years of total confinement[.]

42 Pa.C.S.A. § 9718.2(a)(1) (bold added).

The Statute further provides the following:

**(c) Proof of sentencing.--**The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to

the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

42 Pa.C.S.A. § 9718.2(c) (bold in original).

Here, Appellant does not dispute that, if established, a prior military conviction for the offense of indecent acts or liberties with a child, as set forth in the United States Courts-Martial 2000 Manual, is a qualifying trigger for the application of the mandatory minimum sentence under Section 9718(a)(1). **See Commonwealth v. Smith**, 528 Pa. 380, 598 A.2d 268 (1991) (holding military court-martial convictions may qualify as a prior conviction for purposes of applying mandatory minimum sentencing provisions).[12]

_____

[12] As the trial court explained, under military law, the elements of the offense of indecent acts or liberties with a child are: (1) **physical contact**-the accused committed a certain act upon or with the body of a certain person; the person was under 16 years of age and not the spouse of the accused; the act of the accused was indecent; the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim or both; and under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was a nature to bring discredit upon the armed forces. (2) **No physical contact-** the accused committed a certain act; the act amounted to the taking of indecent liberties with a certain person; the accused committed the act within
_(Footnote Continued Next Page)_

However, Appellant contends the Commonwealth did not present sufficient evidence for the trial court to conclude, by a preponderance of the evidence, that he had a prior military conviction, so as to trigger the applicability of Section 9718.2(a)(1). In this vein, Appellant argues the Commonwealth improperly relied solely upon "a military document," which

---

the presence of this person; this person was under the age of 16 years old and not the spouse of the accused; the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim or both; and under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was a nature to bring discredit upon the armed forces. **See** Trial Court Opinion, filed 2/27/23, at 11 (citing Manual for Courts-Martial, United States, Part IV, pp. IV-110-11 (2000 ed.)). The military law defines "indecent" as "that form of immorality relating to sexual impurity, which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations." **Id.** at IV-110-112 ¶¶ 88(3), 90(c).

The trial court concluded the military conviction for indecent acts or liberties with a child-physical contact, to which Appellant pled guilty, is equivalent to indecent assault under 18 Pa.C.S.A. § 3126, which provides a person is guilty of indecent assault "if the person has indecent contact with the complainant...and the person does so without the complainant's consent; the person does so by forcible compulsion; the complainant is less than 13 years of age; or the complainant is less than 16 years of age and the person is four or more years older...and...not married to each other." 18 Pa.C.S.A. § 3126. Further, the trial court concluded the military conviction for indecent acts or liberties with a child-no physical contact, to which Appellant pled guilty, is equivalent to Pennsylvania's crime of corruption of minors under 18 Pa.C.S.A. § 6301(a)(ii), which provides a defendant being 18 years or more, "by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the moral of any minor...or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree." 18 Pa.C.S.A. § 6301(a)(ii). Appellant raises no claim of error regarding the trial court's analysis in this regard.
.

was hearsay, to prove the existence of his prior military conviction. Appellant avers the trial court should have required the Commonwealth to introduce a qualified United States Army official to testify to the contents of the document.

Initially, we note "a preponderance of the evidence is the lowest burden of proof in the administration of justice, and it is defined as the greater weight of the evidence, *i.e.,* to tip a scale slightly in one's favor." **Commonwealth v. A.R.**, 990 A.2d 1, n. 4 (Pa.Super. 2010) (quotation marks, quotation, and brackets omitted). Stated differently, preponderance of the evidence is tantamount to a "more likely than not" standard. **Commonwealth v. Heater**, 899 A.2d 1126, 1133 (Pa.Super. 2006).

Moreover, we observe that the admission of evidence presented at a sentencing hearing is vested within the sound discretion of the trial court applying the rules of evidence. **Commonwealth v. Hairston**, 624 Pa. 143, 84 A.3d 657, 674 (2014). As such, our standard of review of a trial court's evidentiary rulings is abuse of discretion. **Commonwealth v. Walter**, 625 Pa. 522, 93 A.3d 442, 449 (2014). Thus, we will not disturb an evidentiary ruling unless "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by evidence of record." **Commonwealth v. Cooper**, 596 Pa. 119, 941 A.2d 655, 667 (2007) (citation omitted). This includes rulings on the admission of hearsay. **Id.**

Hearsay is a statement that the declarant does not make while testifying at a trial or hearing that is offered into evidence to prove the truth of the matter asserted in the statement. Pa.R.E. 801(c)(1)-(2). Statements that meet this definition are not admissible unless a hearsay exception applies or is permitted by other rules prescribed by the Pennsylvania Supreme Court or by statute. Pa.R.E. 802. "The rule against admitting hearsay evidence stems from its presumed unreliability, because the declarant cannot be challenged regarding the accuracy of the statement." **Commonwealth v. Chmiel**, 585 Pa. 547, 889 A.2d 501, 532 (2005) (citation omitted).

Still, for the purposes of sentencing a defendant, a trial court may admit evidence as to any matter that it deems relevant and admissible on the question of the sentence to be imposed, and the evidence shall include matters relating to any of the aggravating or mitigating circumstances. **Commonwealth v. Young**, 536 Pa. 57, 637 A.2d 1313, 1321-22 (1993). Notably, "a proceeding held to determine [a] sentence is not a trial, and the court is not bound by the restrictive rules of evidence properly applicable to trials." **Commonwealth v. Medley**, 725 A.2d 1225, 1229 (Pa.Super. 1999).

> Hearsay testimony is precisely the type of evidence which is the right of a court in sentencing to consider even though such information is obtained outside the courtroom from persons whom the defendant has not been permitted to confront or cross-examine. Significantly, the admission of hearsay in sentencing proceedings, especially those which do not involve a capital crime, is a common occurrence. In fact, sentencing courts as a matter of course, consider hearsay in nearly every sentencing case since pre-sentence investigations are routinely ordered and considered by the court and a pre-sentence report is the very definition of

- 17 -

> hearsay, *i.e.*, the report is a report by a probation officer reciting other person's out-of-court statements offered for their truth.

*Medley*, 725 A.2d at 1230. Notably, the Victim's Bill of Rights, the Sentencing Code, and the Pennsylvania Rules of Criminal Procedure all permit a trial court to consider a pre-sentence investigation report and victim impact statement prior to imposing a sentence, which include statements of hearsay. *See* 18 P.S. § 11.201(5); 42 Pa.C.S.A. §§ 9721(b) and 9731: Pa.R.Crim.P. 702(A).

However, the consideration of hearsay, even at a sentencing hearing, is not unfettered. *See* Pa.R.E. 101 cmt. Instead, a sentencing court may rely on hearsay evidence in the limited circumstance where the hearsay originated from a dependable source under reliable circumstances. *Medley*, 725 A.2d at 1225. For example, in *Medley*, the Commonwealth established the defendant's prior record based on a detective's testimony that he had contacted out of state authorities to verify a prior conviction. Also, the defendant admitted he had a prior conviction. Although the detective's testimony constituted hearsay, it had sufficient *indicia* of reliability under the circumstances to be relied upon by the sentencing court. *Id.* at 1230.

In the case *sub judice*, the trial court relevantly explained as follows:

> [Appellant] argues that the [trial] court erred in relying on the records of his court-martial at the time of sentencing [in the instant case] as those records were hearsay. The Commonwealth argues that the records were certified copies of the [military court-martial] record as evidence[d] by the Motion for Protective Order. The Commonwealth argues that even if the records constituted hearsay, the [trial] court could rely on them in determining if [Appellant] had a prior qualifying offense as required by Section 9718.2(a) as courts routinely rely on hearsay during sentencing.

- 18 -

*** 

Here, the Commonwealth offered into evidence the records related to [Appellant's] 2003 court-martial in which he entered guilty pleas to one specification each of indecent liberties with a female under the age of 16….and two specifications of an indecent act with a female under the age of 16. As evidenced by the May 24, 2022, Motion for Protective Order, these records were provided by the United States Army Crime Records Center ("Crime Records Center"). [Appellant] has not offered any evidence to suggest records from the Crime Records Center were not obtained from a dependable source under reliable circumstances such that they should not be considered, whether hearsay or not, at sentencing.

Trial Court Opinion, filed 2/27/23, at 7-9.

We find no abuse of discretion. As the trial court noted, in response to the trial court signing a protective order, the Commonwealth received a certified copy of Appellant's military court-martial records from the Crime Records Center. Trial courts routinely rely upon certified court records, which contain hearsay, in determining whether a defendant has a prior conviction because the hearsay originates from a dependable source under reliable circumstances. *Medley*, 725 A.2d at 1225. *See Commonwealth v. Norris*, 819 A.2d 568, 576 (Pa.Super. 2003) (indicating a trial court considers a defendant's written court records in determining whether the defendant has qualifying prior convictions for purposes of applying mandatory minimum sentences). We agree with the trial court this reasoning applies to official military court-martial records, as well.

Further, we note Appellant admitted during the January 12, 2022, bail hearing, which occurred immediately after his preliminary hearing, that he

pled guilty before a military tribunal to sex offenses involving a minor victim in the early 2000s. Accordingly, the trial court did not err in finding, beyond a preponderance of the evidence, that Appellant had a prior military conviction, which triggered the applicability of Section 9718.2(a)(1). Accordingly, we find no merit to Appellant's claim the trial court unlawfully sentenced him to the 25-year mandatory minimum under Section 9718.2(a)(1) since the Commonwealth proved a prior qualifying offense meeting the requirements of the statute.

Next, we turn to Appellant's claim the trial court erred in denying his pre-sentence motion to withdraw his guilty pleas. Appellant contends that, when he pled guilty, he was unaware that he would be subject to the mandatory minimum sentences under Section 9718.2(a)(1). Thus, he contends he set forth a "fair and just reason" for withdrawing his guilty pleas prior to sentencing.

We review the trial court's denial of Appellant's pre-sentence motion to withdraw his guilty pleas for an abuse of discretion. **Commonwealth v. Baez**, 169 A.3d 35, 39 (Pa.Super. 2017); **Commonwealth v. Islas**, 156 A.3d 1185, 1187 (Pa.Super. 2017). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law is based on the facts of record."

***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013) (citation omitted).

We presume "a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Commonwealth v. Hart***, 174 A.3d 660, 665 (Pa.Super. 2017) (citation omitted). This Court has recently held:

> Where a defendant requests to withdraw his guilty plea before he is sentenced, the trial court has discretion to grant the withdrawal and that discretion is to be liberally exercised to permit withdrawal of the plea if two conditions are present: 1) the defendant demonstrates a fair and just reason for withdrawing the plea **and** 2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth. ***Commonwealth v. Carrasquillo***, 631 Pa. 692, 115 A.3d 1284, 1291-92 (2015); ***Baez***, 169 A.3d at 39; ***Islas***, 156 A.3d at 1188; ***see also*** Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant,…the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty")[.]

***Commonwealth v. Jamison***, 284 A.3d 501, 505 (Pa.Super. 2022) (emphasis added).

In the case *sub judice*, assuming, *arguendo*, Appellant presented a "fair and just reason" for withdrawing his plea based on his alleged unawareness the Commonwealth would be seeking the mandatory minimum sentence under Section 9718.2(a)(1),[13] we find the trial court did not abuse its

_____

[13] To the extent the Commonwealth suggests, and the trial court concludes, that, as applied to the instant case, Section 9718(c) requires notice of mandatory minimums after conviction and before sentencing, we note the
*(Footnote Continued Next Page)*

discretion in denying Appellant's pre-sentence motion since it was "shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth." *Jamison*, 284 A.3d at 505 (citations omitted).

> In the context of a pre-sentence request for plea withdrawal, the term "prejudice" means that, due to events occurring after the entry of the plea, the Commonwealth's prosecution of its case is in a worse position than it would have been had the trial taken place as originally scheduled. Thus, prejudice is about the Commonwealth's ability to try its case, not about the personal inconvenience to complainants unless that inconvenience somehow impairs the Commonwealth's prosecution.

*Gordy*, 73 A.3d at 624 (citations omitted).

Here, in explaining the reasons it would be substantially prejudiced if Appellant was permitted to withdraw his guilty pleas, the Commonwealth averred as follows during the pre-sentence motion hearing:

> [Appellant] has to prove that the Commonwealth would not be prejudiced by withdrawal of [his pleas in] this case. The Commonwealth maintains the opposite. We would, in fact, be prejudiced if the court were to allow withdrawal here. The co-defendant, Michael Shaulis, [who is Appellant's] son and the uncle of the victim here, had indicated his willingness to cooperate against [Appellant] to testify against him. [Michael Shaulis] pled guilty, and we were waiting his sentencing pending [Appellant's] decision to plead guilty.
>
> [Michael Shaulis] was sentenced on June 6, 2022[.] [This was] [a]fter [Appellant] had entered a plea and with the

_____

appellate courts have construed the statute differently for defendants who enter guilty pleas. For a defendant who pleads guilty, notice that the Commonwealth intends to seek application of a mandatory minimum sentence is required prior to the defendant's entry of a guilty plea. *See Commonwealth v. Broaden*, 980 A.2d 124 (Pa.Super. 2009).

- 22 -

understanding that [Michael Shaulis's] cooperation would not be necessary against [Appellant] because he had entered a plea.

[The appellate courts] have indicated that the [trial] court properly denied [a] defendant's motion to withdraw a plea where a cooperating co-defendant had been pled and sentenced prior to the [motion to] withdraw and would therefore lack motivation to cooperate against the defendant at issue. For that reason, [the Commonwealth] believes that [the Commonwealth] would also be severely prejudiced should the [trial] court grant [Appellant's] motion to withdraw [in the instant case].

N.T., 8/22/22, at 7-8.

The trial court found the Commonwealth's representation to be credible, and, in denying Appellant's pre-sentence motion, specifically found "the Commonwealth would be significantly prejudiced since they had already completed their agreement with the co-defendant." *Id.* at 9-10. Further, the trial court noted the emotional trauma the child victim would likely suffer given that she was told she would not have to testify at trial against her grandfather. *Id.* at 10.

Upon review, we find no abuse of discretion. This Court has held that substantial prejudice exists if a defendant makes a withdrawal request only after the Commonwealth enters into agreements with the defendant's co-defendants. *Commonwealth v. Davis*, 191 A.3d 883 (Pa.Super. 2018). In such cases, the co-defendant's "lack of motivation to cooperate with the prosecution would severely prejudice the Commonwealth if it sought to try [the] appellant." *Id.* at 891 (citing *Commonwealth v. Ross*, 498 Pa. 512, 447 A.2d 943 (1982) (finding that the "request to withdraw the plea, which

- 23 -

had been made after the dismissal of numerous key Commonwealth witnesses in reliance on the plea, was properly denied")).

Moreover, this Court has noted that, although a child victim may still "be available in a technical sense," the emotional trauma and diminished memory of a child victim are also appropriate considerations in determining whether the Commonwealth has been substantially prejudiced by a defendant seeking to withdraw his guilty pleas. *Commonwealth v. Carr*, 543 A.2d 1232, 1234 (Pa.Super. 1988). Accordingly, we conclude the trial court did not abuse its discretion in finding that the prosecution would be substantially prejudiced if Appellant were allowed to withdraw his guilty pleas. Consequently, the trial court properly denied Appellant's pre-sentence motion to withdraw his guilty pleas.[14]

For all of the foregoing reasons, we affirm.

_____

[14]We note that:

> [A] request to withdraw a guilty plea after sentencing is subject to higher scrutiny [than a pre-sentence request] since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa.Super. 2019) (citations and quotation marks omitted). Here, given that we have found no relief is due regarding the denial of Appellant's pre-sentence motion to withdraw his guilty pleas, we also find that, to the extent Appellant contends the trial court erred in denying his post-sentence motion to withdraw on the same grounds, he is not entitled to relief. *See id.*

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/7/2023